McCULLOUGH INDUSTRIES, INC.,
Plaintiff-Appellee,

v.

HOOVER, INC., Defendant-Appellant.
No. 71-2146.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1971.

Rehearing and Rehearing En Banc
Denied Jan. 11, 1972.

Norton Brooker, Jr., Lyons, Pipes & Cook, Mobile, Ala., Judson Harwood, Nashville, Tenn., Sam W. Pipes, III, Mobile, Ala., for defendant-appellant.

J. Edward Thornton, Mobile, Ala., Robert McDavid Smith, Birmingham, Ala., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is before us for the second time. In our former opinion (5th Cir., 380 F.2d 798), we affirmed the jury verdict based on answers to special interrogatories that appellant Hoover had breached its contract with appellee McCullough. We likewise affirmed the judgment of the District Court based on findings of a Special Master on the question of damages, except as to the amount of offset credit due Hoover. The Special Master had found that McCullough was able to use, after reprocessing, 44,320 tons of stone which had been quarried and stockpiled by Hoover. The Master had concluded that the offset credit due Hoover should be $1 per ton. We said in our former opinion that we could not find any evidence in the record to support this figure and that the case would have to be reversed and remanded on this item of damages.

When the case was remanded for trial, the District Judge initially stated that the hearing was being conducted to determine what benefit McCullough received on the work that Hoover had done. In other words, what was the amount of saving to McCullough for the tons of stone previously quarried and stockpiled by Hoover.

We think the District Judge correctly interpreted our former opinion and that remand was ordered for the purpose of establishing the amount of the saving. We had already approved the findings of the Master as to McCullough's cost per ton ($2.34) of producing the stone after Hoover had defaulted in its contract. The amount of damages in this regard had been computed by deducting the contract price per ton ($1.73) from McCullough's cost ($2.34). That question was no longer open, having previously been decided by us.

McCullough introduced an expert witness Varner who was familiar with the overall question, being in the construction business himself, and who had in fact subsequently produced stone from the same quarry. On the basis of the witness Varner's testimony, the District Judge found that McCullough saved 42.5¢ per ton on the cost of finished stone through use of materials which had been quarried and stockpiled by Hoover. By use of a formula which the Special Master had originally developed and which formed the basis of the first judgment in this case, the Court determined the amount of offset credit to which Hoover was entitled. Neither side was satisfied with the District Judge's findings, but appellee, though it contended that a credit of a lower figure than that finally used by the Court should be used, states that it would be satisfied with affirmance of the District Court judgment. On the other hand, appellant is dissatisfied with the judgment and contends that by application of its computations judgment should have been rendered in its favor in a substantial sum.

Significantly, the appellant introduced no expert evidence to countervail that of appellee's witness Varner as to the amount of saving and so we do not have the benefit of any expert testimony to the contrary. There is a reasonable basis in the record for the conclusion which the District Judge reached, and it is supported by substantial evidence. As appellee has pointed out, Varner testified that his cost of drilling and blasting was 10¢ per ton; loading into Euclid trucks would average 10¢; and crushing would add an average of 22.5¢ per ton. This totaled 42.5¢ per ton, the figure actually used by the Trial Judge, relying on Varner. Assuming, as the Court did, 20% shrinkage in volume, this was offset by 20% difference in costs in 1969 and 1970 as opposed to the time when the work was done (1961). Thus the 42.5¢ figure finally resulted. We are not able to say, under the circumstances presented here, that the Trial Judge's findings are incorrect or clearly erroneous. They are, therefore, entitled to be affirmed. Rule 52(a), Fed.R.Civ.P.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.